**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| J & J Sports Productions Inc., ) | No. CV-10-02345-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Servando Miramontes et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____) | |

The court has before it plaintiff's motion for default judgment (doc. 13). Defendants have not appeared or otherwise responded.

On October 29, 2010 plaintiff filed this action alleging three claims: (1) violation of 47 U.S.C. § 605 (unauthorized use of radio/satellite communications); (2) violation of 47 U.S.C. § 553 (unauthorized use of cable communications); and (3) conversion. Plaintiff alleges that defendants illegally intercepted a communication for a closed-circuit boxing match and showed it to their patrons. Plaintiff requests maximum statutory damages, including enhanced damages for willful violations and damages for conversion.

Defendants were served with the complaint on December 17, 2010. They failed to answer or otherwise respond. On January 21, 2011 the Clerk of the Court entered default against defendants pursuant to Rule 55(a), Fed. R. Civ. P. Plaintiff asks that we enter default judgment in the amount of $114,000. Defendants have not responded.

We have discretion when deciding whether to enter default judgment pursuant to Rule

1  55(b)(2), Fed. R. Civ. P. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "Upon
2  default, the well-pleaded allegations of the complaint relating to liability are taken as true."
3  TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987).  Here, defendants
4  received effective service of the summons and complaint. (docs. 9, 10).  Defendants are not
5  infants or incompetent persons, in the military or otherwise exempt under the Soilders' and
6  Sailors' Civil Relief Act of 1940.  We therefore consider whether the damages requested by
7  plaintiff are appropriate.

8        Plaintiff pleaded liability and sought recovery under both 47 U.S.C. § 605 and § 553.
9  Plaintiff has not, however, alleged whether the intercepted transmission was from a satellite
10 or a cable signal.  Plaintiff is unable to do so because defendants failed to respond and no
11 discovery took place.  Plaintiff asks that it not be prejudiced by this, arguing that it is
12 "inherently reasonable . . . where Defendants have placed themselves in default for failing
13 to answer or otherwise respond." Motion at 3.  We agree with plaintiff that it "should not be
14 prejudiced" given defendants' failure to respond. At a minimum, plaintiff has demonstrated
15 that defendants unlawfully intercepted its program and broadcast it.  Damages are
16 appropriate.

17       Because we do not know the means of transmission, it is uncertain whether damages
18 arise pursuant to section 605 or 553.  Plaintiff seeks damages under § 605, probably because
19 § 605 provides for higher awards.  Some courts do not allow recovery under both sections.
20 See Int'l. Cablevision Inc. v. Sykes, 75 F.3d 123, 132-33 (2d Cir. 1996) (prohibiting recovery
21 under both sections 605 and 553 as double recovery).  Other courts, however, do not find the
22 provisions mutually exclusive.  See United States v. Norris, 88 F.3d 462, 466-69 (7th Cir.
23 1996).  While the Ninth Circuit has not addressed this issue, district courts have allowed
24 recovery when a plaintiff cannot prove the exact means of transmission.  See J & J Sports
25 Prod., Inc. v. Hernandez, No. 09-cv-3389, 2010 WL 1980186, * 4 (E.D. Cal. 2010).  We
26 agree with this approach.  Because we decide to award statutory damages within the limits
27 of both sections, the award is appropriate under either standard.

28       We first address statutory damages.  A party may seek, at its discretion, actual or

1  statutory damages. §§ 605(e)(3)(C), 553(c)(3)(A)(i),(ii).  Under § 605(e)(3)(C)(i)(II), an
2  aggrieved party may recover "a sum not less and $1,000 or more than $10,000, as the court
3  considers just" for each violation. Under § 553(c)(3)(A)(ii), an aggrieved party may recover
4  "not less than $250 or more than $10,000."  An award of damages should deter future
5  conduct but not destroy the business.  Kingvision Pay-Per-View v. Lake Alice Bar, 168 F.3d
6  347, 360 (9th Cir. 2009).

7  Playas Del Novillero is a commercial establishment with a maximum capacity of 250
8  people. According to plaintiff's investigator, the establishment had 2 televisions and the total
9  number of patrons at any given time were 8, 9, or 12.  Given the relatively small impact of
10  defendants' actions and the extremely low number of patrons in attendance, maximum
11  statutory damages are not appropriate.  If defendants had purchased the rights to show the
12  broadcast it would have paid $1,400 (based on their 250 maximum capacity).  Therefore, we
13  find statutory damages in an amount double that, or $2,700, are appropriate.

14  Enhanced damages are awarded upon a showing that defendant acted willfully and for
15  the purpose of direct or indirect commercial advantage or private financial gain.  Under §
16  605(e)(3)(C)(ii), the court may award up to $100,000 and under § 553(c)(3)(B) the court may
17  award up to $50,000.  Courts generally consider factors such as repeat violations, substantial
18  unlawful monetary gains, significant actual damages to plaintiff, advertising, cover charges,
19  or charging premium menu and drink prices. See Kingvision Pay-Per-View v. Gutierrez, 544
20  F. Supp. 2d 1179, 1185 (D. Colo. 2008).  Some courts find the mere unauthorized showing
21  of a program sufficient to award enhanced damages because given the low probability of
22  accidentally showing it, it must have been done willfully and for profit. See Entertainment
23  By J & J, Inc. v. Al-Waha Enter., Inc., 219 F. Supp. 2d 769, 776 (S.D. Tex. 2002).

24  Here, plaintiff made no showing of any aggravating factors warranting enhanced
25  damages, other than pictures of a sign posted on defendants' door advertising the fight.
26  Plaintiff merely argues that defendants could not have intercepted the broadcast inadvertently
27  and enhanced damages are needed to deter further piracy.  While we agree with plaintiff that
28  defendants acted wilfully, $100,000 is extremely excessive.  Given the lack of aggravating

factors we conclude that $10,000 is an appropriate award of enhanced damages. This should be sufficient to deter future violations.

Finally, plaintiff brought a conversion claim and seeks $1,400. Damages for conversion are based on the value of the property at the time of the conversion plus interest. Plaintiff has made the required showing and is entitled to damages in the amount of $1,400, or the amount it would have made had defendants lawfully paid for the right to show the program. In order to avoid duplicate recovery, we do not include this amount in the judgment.

Accordingly, it is **ORDERED GRANTING** plaintiff's application for default judgment (doc. 13). Damages in the total amount of $12,700 will be awarded.

The clerk is directed to enter final judgment in favor of plaintiff and against defendants in the amount of $12,700.00.

DATED this 14th day of March, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge